UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Cory Lee<br>Joshua Carlon | Tomio Narita | |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND** (filed 5/24/12)

## I. INTRODUCTION & BACKGROUND

On March 15, 2012, plaintiff Kimberly Grant filed the instant action in the Los Angeles County Superior Court against Unifund CCR, LLC, and Unifund Corporation. On May 2, 2012, defendants removed to this Court on the basis of federal question jurisdiction.

Plaintiff's complaint alleges six claims for relief: (1) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"); (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (3) abuse of process; (4) conversion; (5) fraud; and (6) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"). The gravamen of plaintiff's complaint is that defendants engaged in improper credit card debt collection practices.

Previously, on September 30, 2011, plaintiff filed a nearly identical complaint in this Court against the same defendants alleging many of the same claims. Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21 ("Grant I"). The only material difference in the instant action is the inclusion of the RFDCPA and fraud claims.

By order dated February 6, 2012, the Court granted defendants' motion for summary judgment as to the entire complaint in Grant I, concluding that plaintiff's abuse of process, conversion, UCL, and certain FDCPA claims were barred by the Rooker-Feldman doctrine, and further concluding that plaintiff's FDCPA § 1692g claim failed as a matter of law because plaintiff failed to rebut defendants' evidence that defendants had


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

complied with that provision. Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21. Accordingly, the Court dismissed the case.

On May 4, 2012, the Court ordered plaintiff to show cause why the claims brought in the instant complaint are not barred by res judicata, and why, if not barred, the case should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. See Dkt. No. 9. Plaintiff was further ordered to show cause why the Court should not impose sanctions for filing a complaint containing allegations that are nearly identical to those the Court already dismissed in Grant I. Id.

On May 22, 2012, prior to responding to the Court's order to show cause, plaintiff filed a first amended complaint ("FAC") substituting defendant Unifund CCR, LLC, with the same defendant sued in Grant I, Unifund Partners. See Dkt. No. 20.

On May 24, 2012, plaintiff filed a response to the order to show cause regarding duplicative claims and sanctions. See Dkt. No. 19. In her response, plaintiff argues that she is not attempting to relitigate claims that have already been adjudicated, but rather raising new RFDCPA and fraud claims. Id. at 3. Consequently, plaintiff argues that she should not be estopped from litigating these claims raised in Grant II. Id.

On May 24, 2012, plaintiff filed a motion to remand. On June 4, 2012, defendants filed an opposition, and on June 11, 2012, plaintiff filed her reply. See Dkt. No. 21. The Court held a hearing on the motion on June 25, 2012. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Res Judicata

Under California law, res judicata has a "double aspect." 7 Bernard E. Witkin, California Procedure § 281 (4th ed. 2004); People v. Barragan, 32 Cal. 4th 236, 252 (2004). In its primary aspect, also known as claim preclusion, a prior judgment is a complete bar on a new suit between the same parties on the same claim; in its secondary aspect, also known as issue preclusion, the prior judgment operates "as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Id. at 252–53 (internal quotation marks and citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

omitted). The prerequisite elements for applying res judicata to a claim or an issue are the same:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Id. at 253.

In determining whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action . . . . Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted). See also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 ( Cal. Ct. App. 1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right."); Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (Cal. Ct. App. 1992) ("In determining the primary right, 'the significant factor is the harm suffered.'").

### III. DISCUSSION

Plaintiff's entire FAC must be dismissed because it is barred by res judicata.[1] As

---

[1] Although the parties did not brief the issue of res judicata as a bar to Grant II, the Court is permitted to raise it *sua sponte*: "Most notably, 'if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" Arizona v. California, 530 U.S. 392, 412 (2000) (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)); see also Blonder-Tongue Lab., Inc. v. University of Illinois Found., 402 U.S. 313, 328–29 (1994) (one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

discussed above, res judicata in California involves both claim preclusion and issue preclusion. See Barragan, 32 Cal. 4th at 252–53. In the instant action, plaintiff's claim for violation of § 1692g of the FDCPA is based on identical allegations and asserted against identical defendants as in Grant I. See Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21. Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 93 (1980); see also Barragan, 32 Cal. 4th at 253. Because plaintiff previously asserted the identical § 1692g claim that was adjudicated on the merits against the exact same defendants, it cannot be relitigated and is hereby DISMISSED WITH PREJUDICE.

     Further, plaintiff's claims arising under other provisions of the FDCPA, abuse of process, conversion, and violation of UCL are barred by issue preclusion because the Court previously concluded that they were barred by the Rooker-Feldman doctrine. See Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21 at 8. Such a ruling operates to collaterally estop the relitigation of the Court's subject matter jurisdiction. E.g., Johnson v. LaSalle Bank Nat. Ass'n, 663 F. Supp. 2d 747, 767 (D. Minn. 2009) (although dismissal for lack of subject matter jurisdiction under Rooker-Feldman is not an adjudication on the merits, "the Court's decision *does* collaterally estop the relitigation of the same underlying issue—subject matter jurisdiction") (emphasis added); see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."); N. Georgia Elec. Membership Corp. v. City of Calhoun, Ga., 989 F.2d 429, 433 (11th Cir. 1993) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.").[2] Accordingly, plaintiff is estopped from relitigating the Court's

---

purpose of the doctrine is to "promot[e] judicial economy by preventing needless litigation").

    [2]At oral argument, counsel for plaintiff argued that he should be afforded an opportunity to further brief the issue of res judicata because the Court raised it *sua sponte*. Counsel's argument is unpersuasive. The Court's subject matter jurisdiction may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

subject matter jurisdiction on the ground of issue preclusion. Those claims are therefore DISMISSED WITH PREJUDICE.

Finally, plaintiff's new claims for violations of the RFDCPA and fraud are also barred by both claim preclusion and issue preclusion. In Grant I, plaintiff alleged the following with regard to her FDCPA claim:

> 28. On September 10, 2008, Unifund filed a civil lawsuit against Plaintiff for alleged failure to pay a debt owed on a credit card account. Unifund pleaded causes of action for breach of contract and other common law claims. Unifund alleged that it purchased the alleged debt from a non-party creditor. The amount of the alleged debt was $1693.44. Unifund also alleged that it had made a timely demand that Plaintiff pay the full amount due and that Plaintiff failed to do so.
>
> 29. Unifund did not give Plaintiff proper written notice in order to validate the alleged debt before filing a lawsuit against Plaintiff.
>
> 30. Moreover, Unifund did not serve Plaintiff with a copy of the summons and complaint as required by the California Rules of Civil Procedure. As a result of Unifund's failure to properly serve Plaintiff with a copy of the summons and complaint, Plaintiff was unable to defend the lawsuit. If Unifund had served Plaintiff with a copy of the summons and complaint as required, Plaintiff would have defended the action.
>
> 31. On December 15, 2008, as a result of Unifund's failure to serve Plaintiff with a copy of the summons and complaint, a default judgment was entered against Plaintiff in the amount of $2429.39.

---

always be raised *sua sponte*, and further, the parties were on notice of the Court's concern about its jurisdiction via its May 4, 2012 order to show cause. See LaSalle Bank, 663 F. Supp. 2d at 769 ("Defendant contends that it did not have a full and fair opportunity to litigate . . . the applicability of the Rooker-Feldman doctrine, because the Court raised those issues *sua sponte* . . . [n]otwithstanding the Defendant's argument to the contrary, the Court's *sua sponte* examination of its subject matter jurisdiction did not deprive the Defendant of a full and fair opportunity to litigate the question.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

32. After obtaining a default judgment against Plaintiff, Unifund then attached a levy on Plaintiff's bank account and real property.

33. On April 12, 2011, Plaintiff discovered for the first time that she had been sued by Unifund. Plaintiff submitted a credit application regarding an apartment rental, and found that Unifund had secured a judgment against her which damaged her credit. Plaintiff inquired about the judgment with the Los Angeles Superior Court and found that Unifund sued her several years earlier for an alleged debt and that Unifund obtained a default judgment against her.

34. Plaintiff is currently attempting to vacate the default judgment as improperly obtained by Defendants, and to repair her credit.

35. As a direct and proximate result of Defendants' false, misleading, deceptive and fraudulent conduct, Plaintiff has been damaged in at least the following respects: Plaintiff's credit is damaged; Plaintiff's money and property are subject to improper levies; Plaintiff's money and property were improperly seized; Plaintiff incurred attorneys' fees, costs and expenses in attempting to undo the damage to her credit and vacate the default judgment; Plaintiff lost business opportunities; Plaintiff has had to pay higher interest rates on loans, credit cards and other lines of credit; Plaintiff has been unable to secure a bank account; and Plaintiff has had difficulty maintaining her livelihood.

\* \* \*

60. Defendants' used unfair or unconscionable means, in violation of the FDCPA, to collect or attempt to collect alleged debts against Plaintiff and Class Members because they failed to communicate notice about the alleged debt before filing lawsuits, filed lawsuits against Plaintiff and Class Members for alleged debts without effectuating proper service in order to obtain default judgments, and used false and fraudulent "robo-signed" declarations and/or affidavits to support the collection of alleged debts with full knowledge that the declarations have neither been reviewed nor personally signed by the alleged declarant.

Dkt. No. 1, Case No. CV 11-8140 CAS (FEMx), Compl. ¶¶ 28–35, 60.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

In Grant II, plaintiff alleges the following with regard to her RFDCPA and FDCPA claims:

28. On September 10, 2008, Unifund filed a civil lawsuit against Plaintiff for alleged failure to pay a debt owed on a credit card account. Unifund pleaded causes of action for breach of contract and common counts. Unifund claimed to have purchased the alleged debt from a third party creditor. The amount of the alleged debt was $1693.44. Unifund also claimed that it had made a timely demand that Plaintiff pay the full amount due and that Plaintiff had failed to do so.

29. Unifund did not properly communicate the alleged debt to Plaintiff prior to filing a lawsuit against Plaintiff.

30. Moreover, Unifund did not serve Plaintiff with a copy of the summons and complaint as required by the California Rules of Civil Procedure. As a result of Unifund's deliberate failure to properly serve Plaintiff with a copy of the summons and complaint, Plaintiff was unable to defend the lawsuit. If Unifund had served Plaintiff with a copy of the summons and complaint as required, Plaintiff would have defended the action.

31. On December 15, 2008, as a result of Unifund's failure to serve Plaintiff with a copy of the summons and complaint, a default judgment was entered against Plaintiff in the amount of $2429.39.

32. After obtaining a default judgment against Plaintiff, Unifund then proceeded to attach a levy on Plaintiff's bank account and real property.

33. On April 12, 2011, Plaintiff discovered for the first time that she had been sued by Unifund when Plaintiff submitted a credit application in regards to the rental of an apartment and subsequently found that a judgment had been secured against her by Unifund which had damaged her credit. Plaintiff proceeded to inquire with the Los Angeles Superior Court about the judgment and found that she had indeed been sued months earlier by Unifund for an alleged debt and that a default judgment had been entered against her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

34. Plaintiff attempted to vacate the default judgment and is attempting to repair her credit as a result of the improper judgment obtained against her by Defendants.

35. As a direct and proximate result of Defendants' false, misleading, deceptive and fraudulent conduct, Plaintiff and Class Members have been damaged in at least the following respects: having their credit damaged, having money and property levied upon, having money and property improperly seized, having incurred attorneys' fees, costs and expenses in attempting to undo the damage to their credit and vacate the default judgment, having lost business opportunities, having to pay higher interest rates on loans, credit cards and other lines of credit, having difficulty or an inability to secure a bank account, and having had difficulty maintaining their livelihood.

\* \* \*

60. Defendants used unfair and unconscionable means, in violation of the FDCPA and the Rosenthal Act, to collect or attempt to collect alleged debts against Plaintiff and Class Members because they failed to communicate notice about the alleged debt before filing lawsuits, filed lawsuits against Plaintiff and Class Members for alleged debts without effectuating proper service in order to obtain default judgments, and used false and fraudulent "robo-signed" declarations and/or affidavits to support the collection of alleged debts with full knowledge that the declarations have neither been reviewed nor personally signed by the alleged declarant.

FAC ¶¶ 28–35, 60.

Likewise, plaintiff's fraud claim is based on the alleged conduct underlying her other claims. See FAC ¶¶ 107–108 (e.g., alleging that defendants "were aware that they had not complied with the requirements under the Rosenthal Act or the FDCPA" and thereby committed fraud).

Aside from nominal differences in word choice, plaintiff's allegations remain substantively identical in Grant II as they were in Grant I. Because the allegations in Grant II are "based on the same injury to the same right" as in Grant I—namely, that Unifund committed various wrongs in connection with its debt collection practices—and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-3770-CAS (FFMx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR, LLC; ET AL. | | |

because all claims in Grant I were decided on either jurisdictional grounds or on the merits, claim and issue preclusion bars the second action "even though [plaintiff] presents a different legal ground for relief." Blackwood, 15 Cal. 3d at 795. See also Acuña, 56 Cal. App. 4th at 648 ("[T]wo actions constitute a single cause of action if they both affect the same primary right."); Swartzendruber, 3 Cal. App. 4th at 904 ("In determining the primary right, 'the significant factor is the harm suffered.'"); Hernandez v. City of Pomona, 46 Cal. 4th 501, 512–513 (2009) (concluding that res judicata barred the plaintiff's claim for wrongful death because previous § 1983 case settled all material disputes as to the officers' exercise of reasonable care).

For the foregoing reasons, plaintiff's claims in Grant II are barred by res judicata and must be dismissed.

## IV. CONCLUSION

In accordance with the foregoing, the case is hereby DISMISSED WITH PREJUDICE.

Plaintiff's motion to remand is DENIED as moot.

The Court's May 4, 2012 order to show cause is DISCHARGED.

IT IS SO ORDERED.

| | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |