UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3770 CAS (FEMx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR PARTNERS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) PLAINTIFF'S MOTION FOR RECONSIDERATION (filed 7/6/2012)

## I.  INTRODUCTION & BACKGROUND

On September 30, 2011, plaintiff Kimberly Grant filed a lawsuit in this Court against Unifund CCR, LLC, and Unifund Corporation. Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21 ("Grant I"). By order dated February 6, 2012, the Court granted defendants' motion for summary judgment as to the entire complaint in Grant I, concluding that plaintiff's abuse of process, conversion, California Business and Professions Code §§ 17200 et seq., and certain Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., ("FDCPA") claims were barred by the Rooker-Feldman doctrine, and further concluding that plaintiff's § 1692g FDCPA claim failed as a matter of law because plaintiff failed to rebut defendants' evidence that defendants had complied with that provision. Case No. CV 11-8140 CAS (FEMx), Dkt. No. 21. Accordingly, the Court dismissed the case.

On March 15, 2012, plaintiff filed the instant action in the Los Angeles County Superior Court against the same defendants alleging many of the same claims. On May 2, 2012, defendants removed the action to this Court on the basis of federal question jurisdiction. Case No. CV 12-3770 CAS (FEMx) ("Grant II"). The only material difference in the instant action is the inclusion of the RFDCPA and fraud claims. By order dated June 25, 2012, the Court dismissed plaintiff's § 1692g FDCPA claim with prejudice on the ground that it was barred by res judicata. Dkt. No. 26 at 3–4. The Court also concluded that plaintiff's claims arising under other provisions of the FDCPA, abuse of process, conversion, and violation of UCL were barred by issue preclusion because the Court previously concluded that those claims were barred by the Rooker-Feldman

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3770 CAS (FEMx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR PARTNERS; ET AL. | | |

doctrine. Id. Accordingly, the Court dismissed Grant II in its entirety with prejudice. Id. at 9.

On July 6, 2012, plaintiff filed a motion for reconsideration. Dkt. No. 27. Defendants filed their reply on July 16, 2012, and plaintiff filed her reply on July 23, 2012. Dkt. Nos. 28, 29. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

    **A.    Local Rule 7-18**

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

    **B.    Fed. R. Civ. P. 60(b)**

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3770 CAS (FEMx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR PARTNERS; ET AL. | | |

both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

### III.   DISCUSSION

Plaintiff argues that "[t]he appropriate remedy for this Court's determination that it lacks subject matter jurisdiction over this matter is to remand it to the Los Angeles Superior Court, *not* to dismiss the First Amended Complaint with prejudice." Mot. at 1 (emphasis in original) (citing Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003) amended by 350 F.3d 916). In particular, plaintiff asserts that in circumstances where a court determines that it lacks subject matter jurisdiction over a removed case, such as the Court purportedly did here by relying on the Rooker-Feldman doctrine, the proper remedy is to remand the action. Mot. at 5. Plaintiff also contends that the Court's order dismissing the action with prejudice was made "without any briefing on the crucial issue of the appropriateness of remanding this matter to state court, instead of dismissing it," thus prejudicing plaintiff who "could not have, with reasonable diligence, anticipated" the Court's ruling. Id. at 3.

In opposition, defendants assert that "[t]he Court had jurisdiction, and it properly dismissed the claims in the amended complaint." Opp'n at 1. Specifically, defendants argue that the Court maintained subject matter jurisdiction over all the claims on two independent grounds: first, because the FAC asserts federal claims (and therefore the Court properly exercised supplemental jurisdiction over the pendent state law claims), or alternatively, because the Court had subject matter jurisdiction over all claims pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–1715 ("CAFA"). Id. at 1–2. Defendants thus contend that dismissal of those claims with prejudice was "appropriate, because the claims could not be cured by amendment." Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3770 CAS (FEMx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR PARTNERS; ET AL. | | |

    Plaintiff's arguments in support of reconsideration are unavailing. Plaintiff relies on the following language from the Ninth Circuit's decision in Schenker to argue that remand, and not dismissal, is the appropriate remedy in this case:

> [S]ection 1447(c) does not mean that if the federal claim drops out, the district court must remand; it means that if there is no jurisdiction—federal question, supplemental, diversity, or otherwise—the district court must remand the removed case rather than dismissing it. Our cases already bear this out; now we hold explicitly what . . . we have held implicitly: section 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed.

Schenker, 344 F.3d at 938.

    Plaintiff quotes portions of this language three times in her motion. See Mot. at 1, 5, 6–7. Plaintiff omits, however, the very next sentences from Schenker, which state that "Section 1447(c) does not mean that if a facially valid claim giving rise to federal jurisdiction is dismissed, then supplemental jurisdiction is vitiated and the case must be remanded. *Once supplemental jurisdiction exists, it remains*, subject to the discretionary provision for remand in section 1441." Schenker, 344 F.3d at 938 (emphasis added). See also id. at 937–38 ("[I]f state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims and the mandatory remand provision of the procedure after removal statute does not apply."); id. at 939 ("Supplemental jurisdiction is not destroyed by elimination of the basis for original jurisdiction."). Here, there is no doubt that plaintiff asserted a "facially valid" claim arising under federal law—specifically, the FDCPA claim. Dkt. No. 1. Thus, the action was properly removed by defendants, and the Court had supplemental jurisdiction over all remaining claims.[1]

---

[1] Moreover, the Court also maintained subject matter jurisdiction over the case pursuant to the Class Action Fairness Act. CAFA vests a district court with original jurisdiction of any putative class action in which the parties satisfy minimal diversity, the putative class is comprised of at least 100 members, and the amount in controversy exceeds $5,000,000. See 28 U.S.C. §§ 1332(d), 1453, 1711–1715

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3770 CAS (FEMx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | KIMBERLY GRANT v. UNIFUND CCR PARTNERS; ET AL. | | |

<u>Id.</u>  "Where removal was proper, but the federal question claim is defeated on the merits, the district court nevertheless may in its discretion retain supplemental jurisdiction over the state law claims."  <u>Schenker</u>, 344 F.3d at 936.  The Court therefore had jurisdiction to dismiss—and not remand—the supplemental state law claims once it determined that the claims were barred by res judicata and the <u>Rooker-Feldman</u> doctrine.  <u>See, e.g.</u>, <u>Onkvisit v. Board of Trustees of Cal. State University</u>, 2011 WL 1431935, at *3–5 (N.D. Cal. Apr. 13, 2011) (relying on <u>Rooker-Feldman</u> doctrine and dismissing due process claim with prejudice); <u>Marty v. Green</u>, 2011 WL 2946372, at *1 (E.D. Cal. July 21, 2011) (adopting magistrate's report and recommendation to dismiss claims barred by the <u>Rooker-Feldman</u> doctrine with prejudice).

**IV.   CONCLUSION**

In accordance with the foregoing, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

Here, plaintiff is a resident of California and Unifund is incorporated in New York with its headquarters in Ohio, thus satisfying the minimal diversity requirement.  FAC ¶¶ 9–10.  Plaintiff sought to certify a class defined as "[a]ll persons residing in the State of California against whom Unifund filed a lawsuit for the collection and/or enforcement of any alleged debt, at any time from four years prior to the filing of the complaint [May 22, 2012] until the class is certified."  FAC ¶ 37.  Morgan Smith, Vice President of Operations of defendant Unifund CCR Partners, declared that "[t]he records of Unifund CCR Partners indicate that during the four-year period between May 22, 2008 through May 22, 2012, Unifund filed significantly more than one hundred lawsuits against residents of the State of California and that the aggregate amount sought in those lawsuits significantly exceeded $5,000,000.00."  Declaration of Morgan Smith ¶ 3; <u>see also</u> FAC ¶ 43(a) ("[T]he class is estimated to be greater than one hundred (100) individuals.").  Accordingly, the Court had subject matter jurisdiction over all of plaintiff's claims pursuant to CAFA.